HELEN L. KIMBALL, petitioner-appellant,

*v.*

RAWSON J. KIMBALL, defendant-respondent.

[Submitted October 15th, 1940. Decided February 3d, 1941.]

*Mr. John D. McMaster,* for the respondent.

The opinion of the court was delivered by

RAFFERTY, J.

The court below, by its decree, dismissed a petition for divorce filed by Helen L. Kimball against her husband based on the charge of desertion. The petition alleges essentially that the parties were married in 1926 in New Jersey; that the desertion by the husband occurred in New York in January, 1935, and that he continued in this desertion to the time of filing petition in 1939, thereby giving rise to the cause of action for divorce.

At the time the alleged cause of action arose the parties were resident in New York State but the wife has since, and for a period suitable to our jurisdiction, become again a resident of this state. The husband, who appears to have taken up a residence in Maine, did not answer nor otherwise contest the suit.

In the course of proof before the learned advisory master it appeared that in June, 1935, Mrs. Kimball, at her suit in the Supreme Court of the State of New York, also uncontested by the husband, was awarded a valid decree of limited divorce from her husband, wherein it was decreed that she "be separated from the bed and board of the defendant (husband) forever, * * *." It appeared also that the two-year period of desertion required by our law had not yet run at the time of the making of this New York decree, as it had run in *Tremarco* v. *Tremarco, 117 N. J. Eq. 50,* whereupon the learned trial court, on the authority of *Kyle* v. *Kyle, 52 N. J. Eq. 710,* advised the decree dismissing the petition.

That the entry of the decree appealed from was proper is not to be doubted. From and after the date of the New York decree the status of the parties became and was one of legal separation, *Kyle* v. *Kyle, supra,* rather than one of willful and obstinate desertion, as is required by our statute to underly the suit for divorce, *R. S. 2:50-2,* and therefore, under the proofs submitted, there is no evidence whatsoever of defendant's willful and obstinate desertion of petitioner continued for a period of two years.

Petitioner thus failing in the required proof of desertion, there was no alternative but to dismiss the petition.

The decree appealed from is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, HEHER, PERSKIE, WELLS, RAFFERTY, JJ. 8.

*For reversal*—DONGES, PORTER, DEAR, WOLFSKEIL, HAGUE, JJ. 5.